**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

JAVIER RODRIGUEZ−GONZALEZ,
Petitioner,
v.
ERNESTO SANTACRUZ, JR., et al.,
Respondents.

Case No. 5:26-cv-04048-ACCV

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On July 20, 2026, Javier Rodriguez-Gonzalez ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging the sufficiency of an immigration judge's custody redetermination order and seeking a bond hearing as a member of the bond eligible class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Maldonado Bautista*"). (Dkt. 1.) For the reasons that follow, the Court denies the Petition.

## II. FACTUAL AND PROCEDRUAL BACKGROUND

Petitioner, Javier Rodriguez-Gonzalez, is a Mexican national. (Dkt. 1 at 7.) Petitioner entered the United States without inspection over 30 years ago when he was seven years old. (*Id*. at 3.) Petitioner has resided in the United States since then. (*Id*. at 6.) Petitioner has ten children, ranging in age from eight to 26 years old, who are United States citizens. (*Id*.)

After apprehending Petitioner on or about April 9, 2026, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229(a). (Dkt. 1 at 3.) The Department of Homeland Security ("DHS") charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id*.)

Since his apprehension, Petitioner has been detained at the Adelanto Detention Facility. (Dkt. 1 at 4.) One of Petitioner's minor children has developed significant mental health conditions since Petitioners detainment. (*Id. at 6.*) Petitioner has become very ill during his detainment, including losing a significant amount of weight and requiring surgery. (*Id*.)

On May 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and an Application for Temporary Restraining Order seeking an individualized bond hearing, or in the alternative, immediate release. *See Rodriguez Gonzalez v. Warden*, 5:26-cv-02729-SB-ACCV, Dkt. 1. On June 5, 2026, the Court granted the Application, in part, and ordered Respondents to provide Petitioner with an individualized bond hearing within seven days. Respondents complied with that order and provided the bond hearing on June 12, 2026. (Dkt. 9-1.) The Immigration Judge ("IJ") issued a lengthy order in which the IJ detailed the reasons for finding Petitioner is a danger to the community including:

> "The evidentiary record admitted without objection demonstrates that the Respondent has a significant and lengthy criminal history. Respondent's first arrest appears to be in 2010 for driving on a suspended license. In 2011 Respondent was convicted of this offense. Respondent received 6 days in jail and three years' probation. In 2011 Respondent has a failure to appear charge. In addition, he was convicted of driving without a license. In October 2011, Respondent was arrested for battery

> against a spouse, willful cruelty to a child, obstructing a police officer, and for having a warrant. In November of 2011 Respondent was convicted of simple battery and obstructing an officer. He was awarded 60 days in jail and an additional three years of probation. In July 2019 Respondent was arrested for Trespass - refuse to leave property. He was convicted of that offense and received 2 years of probation. In 2023, Respondent was arrested for driving under the influence and hit and run. In September 2023, Respondent was convicted on all charges."

(*Id*. at 1.) Notably, nowhere in the order did the IJ discuss *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) or *Matter of Yajure Hurtado*, 29 I&N Dec. 26 (BIA 2025), or not having jurisdiction over the matter. Petitioner did not appeal the order denying bond. (Dkts. 1 and 10, generally.)

Petitioner filed a second Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241 on July 20, 2026. (Dkt. 1.) Petitioner only brings one claim for relief, Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*. (*Id*. at 9.) Petitioner asserts he is a member of the *Maldonado Bautista* bond eligible class and requests a bond hearing under 8 U.S.C. § 1226(a). (*Id*.) Petitioner requests that the Court order his release unless he is provided with a bond hearing within seven days. (*Id*. at 10.) He also requests attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (*Id*.)

On July 27, 2026, Respondents filed Federal Respondents' Response to Petition for Writ of Habeas Corpus. (Dkt. 9.) Respondents argue that Petitioner previously filed a petition for writ of habeas corpus and an application for temporary restraining order seeking an individualized bond hearing, which Respondents provided to Petitioner. (*Id*. at 2.) Petitioner now requests a second bond hearing which the Court has no authority to grant. (*Id*.) Respondents argue the Court lacks the authority to re-weigh the evidence presented to the IJ during Petitioner's bond hearing. (*Id*. at 3.) Respondents also argue that Petitioner failed to exhaust his administrative remedies as he did not file an appeal with the Board of Immigration Appeals ("BIA"). (*Id*. at 6.) Respondents further argue Petitioner fails to state a claim for relief. (*Id*. at 8.) Respondents request the Court deny the petition without prejudice. (*Id*. at 9.)

On July 29, 2026, Petitioner filed his reply. (Dkt. 10.) In the reply Petitioner admits that "[a]lthough Petitioner Javier Rodriguez-Gonzalez ("Petitioner") failed to inform undersigned counsel of the prior bond hearing results due to the urgency of his medical situation, Petitioner through Counsel reiterates and reaffirms his previously request for this Writ." (*Id*. at 2.) Petitioner argues that the Court should waive exhaustion because an appeal to the BIA would be futile given the BIA's decisions in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I&N Dec. 26 (BIA 2025). (Dkt. 10.) Petitioner further argue that an appeal would be futile because of the irreparable harm to Petitioner's health. (*Id*. at 3.) Petitioner reiterates his request that the Court require Respondents to release petitioner from custody and award attorney's fees under EAJA. (*Id*. at 4.)

## III. DISCUSSION

The Court construes Petitioner's claim as challenging the sufficiency of the IJ's order, as Petitioner already received the bond hearing he requests in the Petition. (Dkts. 10 at 2-3; 9-1.)

Petitioner did not appeal the IJ's order to the Board of Immigration Appeals, even though he reserved his right to do so. (Dkts. 9-1 at 3; 1 and 10, generally.) Petitioner argues the Court should waive exhaustion because "an appeal to the Board of Immigration Appeals would be futile in light of the *Yahure Hurtado* and *Q. Li* decisions and 2) because of the irreparable harm that would result in waiting for an appeal. Futility is an exception to the prudential exhaustion requirement." (Dkt. 10 at 3.) Petitioner's argument is undercut by the fact that the IJ held an in-custody redetermination hearing, weighed evidence, and issued a lengthy opinion finding Petitioner is a danger to the community. (Dkt. 9-1.) The IJ did not conclude the IJ lacked authority to hear bond requests or grant bond to noncitizens who are present in the United States without inspection and admission, as the immigration judges concluded in *Yahure Hurtado* and *Q. Li*. Thus, Petitioner has not demonstrated grounds for excusing the exhaustion requirement.

When an immigration detainee loses a bond hearing, the next step is to appeal to the BIA. *See* 8 C.F.R. §§ 1003.1(b), 1003.19(f), 1003.38. The BIA reviews *de novo* all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R. § 1003.1(d)(3)(ii). The BIA also reviews for clear error any findings of fact. *Id*. § 1003.1(d)(3)(i); *see Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). The Ninth Circuit has held that the detainee must first "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

In *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Ninth Circuit discussed the three-step analysis for requiring prudential exhaustion: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Chertoff*, 488 F.3d at 815 citing *Noriega–Lopez*, 335 F.3d at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir.1990)).

Here, the BIA has subject-matter expertise in reviewing bond determinations, *see* 8 C.F.R. § 1003.1(b)(7)—expertise particularly valuable here given Petitioner's vague challenge to the sufficiency of the IJ's order. BIA review would help further generate the underlying facts. In addition, the BIA would have to issue an order evaluating whether the IJ's written decision was sufficient. There would then be a proper record for a proper decision.

Second, if Petitioner could skip the BIA while arguing that the IJ's decision is somehow insufficient, then every noncitizen denied bond who vaguely alleges an immigration judge's decision is insufficient has a shortcut to federal court. This "improper shortcut" is exactly what the Ninth Circuit prohibits. *Leonardo*, 646 F.3d at 1160. An immigration judge's order is not the agency's final word. It is the first step in a process designed to produce a reasoned decision at the administrative appellate level.

Only then would the administrative record be complete. And only then would a federal court have the considered agency decision that federal courts can review—especially considering that it is limited even more by jurisdictional limits in 8 U.S.C. § 1226(e). *See generally Martinez II*, 124 F.4th at 785-86.

Third, the BIA can correct its own mistakes and preclude the need for this Court's intervention. *See, e.g., Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7. 2019) ("[T]he BIA is capable of . . . determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger [or flight risk] and must be detained.") (*citing Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007)). If an immigration judge's written decision lacks sufficiency, then the BIA can remand for a new hearing with instructions to issue a reasoned decision, rendering this Court's intervention unnecessary. Or, the BIA may conclude that the immigration judge's order adequately explains the decision, closing the administrative circuit with a final agency action that a federal court can review provided it has jurisdiction under § 1226(e).

The Court recognizes exhaustion in immigration habeas cases is prudential, not jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Still, federal courts excuse it only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Here, Petitioner's claim is exactly the kind of claim the BIA was designed to review. The BIA routinely remands bond decisions when the immigration judge's reasoning is insufficient.

This is not to say that the Court does not recognize the gravity of this situation. The Court remains concerned about Petitioner's health and access to medical care. Our immigration laws are such that every noncitizen denied bond by an IJ is detained during the pendency of an appeal. If the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted "irreparable injury"

sufficient to excuse exhaustion, then it would be excused in every bond denial. *See, e.g., Yu v. Noem*, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) ("[E]xcusing exhaustion on that basis would cause the exception to swallow the rule.").

The Court finds that exhaustion of administrative remedies is required in this case, and that Petitioner has failed to establish any valid exception to the exhaustion requirement.

## IV. CONCLUSION

For the reasons stated, the Court DENIES the Petition and judgment shall be entered without requiring any further proceedings and consistent with the reasons and findings set forth.

DATED: August 31, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge